613 A.2d 1007
Robert Lee GREEN
v.
STATE of Maryland.
No. 1897, Sept. Term, 1991.
Court of Special Appeals of Maryland.
Oct. 5, 1992.

James M. Peelman (David Pasti, Assigned Public Defender, on the brief), Rockville, for appellant.

Tarra DeShields–Minnis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Susanne Hayman, State's Atty. for Kent County, Chestertown, on the brief), for appellee.

Argued before MOYLAN, ALPERT and MOTZ, JJ.

ALPERT, Judge.

Appellant, Robert Lee Green, was convicted by a Kent County jury of first degree rape and subsequently was sentenced to life imprisonment. He has noted a timely appeal and argues that:

> The trial court erred in denying the appellant's pre-trial motion to suppress the May 13, 1991, taped statement of the appellant because the trial [court] failed to consider that a statement by a criminal suspect can be constitutionally inadmissible as being involuntary because of coercive conduct by non-state actors.

### Facts and Proceedings

Appellant filed a motion to suppress a tape of a confession which he gave to the local police on May 13, 1991. A hearing on the motion was held on September 4, 1991, before Circuit Court Judge J. Frederick Price. The basis of appellant's motion was that he involuntarily provided the confession as a result of a death threat he received. The trial court denied appellant's motion, and appellant was subsequently convicted of first degree rape and sentenced to life imprisonment.

At the evidentiary hearing appellant testified that, at around midnight on May 10, 1991, a tall, well-built unidentified male came to appellant's home and threatened to kill him if appellant would not implicate himself in a rape for which appellant was being investigated. The next day, appellant went to the police department and reported the incident. He appeared "somewhat nervous [and] edgy," and stated that the unidentified male left in a car that resembled a state police car. Appellant left after reporting the incident and did not make any inculpatory statements.

But then, on May 13, 1991, appellant returned to the police department and expressed a willingness to discuss the rape in greater detail. After he was advised of his Miranda rights, appellant agreed to allow the police to tape his confession. At the suppression hearing, appellant contended that his confession was involuntary because it was induced by the threats he received. He testified that he thought the unidentified male who threatened him was an undercover police officer, but appellant was unable to provide evidence supporting his allegation.

The trial court denied appellant's motion and stated:

The Court, quite simply, finds that that statement of allegation of a threat by a phantom witness, not being one who is even alleged to be a police officer, to be incredible. And therefore, the Court finds that that statement was made knowingly and voluntarily by the Defendant[, under] no force or duress[, nor were] favors invoked [, nor] promises made [to the defendant].

Normally, this sort of determination of credibility by the hearing judge would bring our discussion to an abrupt halt.[1] Appellant, however, raises a haunting vision of factual ambiguity in the hearing judge's decision. If it were clear that the judge found, as a matter of fact, that appellant had

---

1. Pursuant to Md.Rule 8–131(c), we will not disturb the judgment of the trial court on the evidence unless clearly erroneous, and will give due regard to the opportunity of the trial court to judge the credibility of the witnesses.

not been threatened at all then indeed, pursuant to Md. Rule 8–131(c), we need pursue this no further. If, on the other hand, the judge ruled as he did because appellant could not identify the alleged coercer[2], then we must address appellant's federal constitutional argument, to wit:

> Whether the admission into evidence of a confession by a criminal suspect, which was motivated by the coercive conduct of a non-state actor is violative of the Due Process clause of the Fourteenth Amendment of the United States Constitution?

Appellant submits that the admission of his confession violates the Due Process Clause of the fourteenth amendment. More specifically, appellant argues that the trial court erred in ruling "that in order for an involuntary coerced statement by a criminal suspect to be suppressed as unconstitutionally involuntary, the cause ... of the coercion must be state actors, i.e. police officers." Appellant asserts that the trial judge "did not even consider [the federal constitutional] aspect of this Motion to Suppress, merely because appellant did not identify the unknown black male as a police officer." Appellant contends that the state action requirement is not the requirement of a police role in obtaining the statement; but rather, appellant contends that the requirement is a connection between the harm suffered by the appellant and the State of Maryland.

### Discussion

■■■ "A defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession...." *State v. Brown*, 324 Md. 532, 540, 597 A.2d 978 (1991) (quoting *Jackson v. Denno*, 378 U.S. 368, 376–77, 84 S.Ct. 1774, 1780, 12 L.Ed.2d 908 (1964)). In determining whether a confession is voluntary under the fourteenth amendment, this court will

---

2. That is, whether the alleged coercer was or was not an undercover police officer (and therefore a state actor).

accept the trial judge's findings of fact unless they are clearly erroneous. *See Hoey v. State* 311 Md. 473, 484, 536 A.2d 622 (1988). And, based on the findings in the entire record, this court will make an independent, reflective constitutional judgement. *See Lancaster v. State,* 86 Md.App. 74, 95, 585 A.2d 274, *cert. granted,* 322 Md. 644, 589 A.2d 73 (1991).

To support a claim of a due process violation, a defendant must show some form of "state action." *Colorado v. Connelly,* 479 U.S. 157, 165, 107 S.Ct. 515, 521, 93 L.Ed.2d 473 (1986). As this court explained in *Reynolds v. State,* 88 Md.App. 197, 204, 594 A.2d 609 (1991), *aff'd,* 327 Md. 494, 610 A.2d 782 (1992), "[t]here is no *constitutional* right not to give an involuntary confession; there is only a constitutional right not to be compelled to do so by government." (Emphasis in original.) Appellant submits that the state action requirement is satisfied by the very admission of his confession at trial. Appellant's contention is without merit.

In *Connelly,* the Supreme Court held, in unequivocal language, that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the fourteenth amendment." 479 U.S. at 167, 107 S.Ct. at 522. Even the most outrageous conduct by a private party does not make evidence inadmissible under the Due Process Clause. *Id.* at 166, 107 S.Ct. at 521. As the Supreme Court concluded, "[a]bsent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law." *Id.* at 164, 107 S.Ct. at 520. *See also Hoey v. State,* 311 Md. at 485, 536 A.2d 622.

Appellant's contention of state action was specifically rejected in *Connelly.* In that case, the defendant claimed that his confession was involuntary, not due to police coercive conduct, but because of his own mental delusion. *Connelly,* 479 U.S. at 162, 107 S.Ct. at 519. The Colorado

Supreme Court found that the admission of the evidence was sufficient to qualify as state action, and upheld the exclusion of the confession. But the Supreme Court reversed the state court's finding. *See also U.S. v. Wolf,* 813 F.2d 970, 972 fn. 3 (9th Cir.1987). By imposing the requirement of coercive police activity, the Supreme Court specified that the involvement of state action must occur at the time of eliciting the confession.

Appellant inferred from various Supreme Court cases that the mere introduction of evidence would suffice to satisfy the state action requirement. Appellant failed to realize that, apart from the fact that none of these cases made an explicit holding supporting his contention, all of them involved some kind of excessive police interrogative conduct. *Lisenba v. California,* 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941) (defendant was repeatedly questioned from Sunday night to Tuesday morning and his hearing was impaired as a result of police beatings); *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (defendant was questioned while he was in intensive care and had repeatedly requested to stop the interrogation until his lawyer was present); *Blackburn v. Alabama,* 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960) (defendant was interrogated for 8 hours without dinner break in a closed confined quarter); *Reck v. Pate,* 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961) (19-year old defendant was in custody for 8 days without adequate food and was denied access to counsel and family). But in *Brulay v. United States,* 383 F.2d 345, 349 fn. 5 (9th Cir.1967), the court of appeals stated that a violation of the fifth amendment right against self incrimination occurred when an involuntary statement, however obtained, was admitted at trial against the defendant. Because *Brulay* was decided before *Connelly,* the persuasive authority of the court's suggestion is unclear. *See also United States v. Wolf,* 813 F.2d at 972 fn. 3. As appellant's waiver of Miranda rights is not challenged in the case at bar, this court will not address the issue.

■ In determining whether the police conduct is coercive, Judge Posner, in *United States v. Rutledge*, 900 F.2d 1127, 1129 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990), suggested that the focus is "whether the government has made it impossible for the defendant to make a *rational* choice as to whether to confess—has made it in other words impossible for him to weigh the pros and cons of confessing and go with the balance as it appears at the time." (Emphasis in original.) In this case, the trial court found the appellant's description of the incident with the alleged undercover police officer "incredible." Assuming, arguendo, that appellant provided the confession out of fear of the unidentified man, there was still a lack of showing of overreaching police interrogative tactics. Indeed, the government played no role whatsoever in appellant's decision to offer his statement. Appellant went to the police station on his own volition. The government did not make it impossible for appellant to make a rational choice. Appellant simply volunteered the confession.

Appellant relied on two cases from the Massachusetts Supreme Court to support the contention that an involuntary statement elicited by private parties may be suppressed under the Due Process Clause. In particular, appellant referred to *Commonwealth v. Mahnke,* 368 Mass. 662, 335 N.E.2d 660 (1975), *cert. denied,* 425 U.S. 959, 96 S.Ct. 1740, 48 L.Ed.2d 204 (1976), which held that a defendant's right to due process extends to confessions made to private citizens. While in a later case, *Commonwealth v. Libran,* 405 Mass. 634, 543 N.E.2d 5, 9 (1989), the Massachusetts Supreme Court continued to recognize the essential holding in *Mahnke,* the ruling is called into question after *Connelly.* Because the Massachusetts cases are not binding authorities, this court is not prepared to deviate from the clear mandates of the Supreme Court's decision in *Connelly.*

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.